UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JAVED ASLAM, | Case No. 3:16-cv-04033-LB |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| JOSIE GASTELO, | Re: ECF No. 1 |
| Defendant. | |

## INTRODUCTION

Petitioner Javed Aslam, an inmate at California Men's Colony Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Mr. Aslam's petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Mr. Aslam consents to proceed before a magistrate judge.[2] This order requires the respondent to respond to the petition to show cause why the writ should not be granted.

---

[1] Petition – ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Consent – ECF No. 4.

ORDER (No. 3:16-cv-04033-LB)

**STATEMENT**

On June 1, 2010, Mr. Aslam was charged in Alameda County with one count of committing a lewd or lascivious act on a child under age 14 in violation of Cal. Penal Code § 288(a), one count of engaging in unlawful intercourse in violation of Cal. Penal Code § 261.5, three counts of dissuading a witness in violation of Cal. Penal Code § 136.1, and one count of making criminal threats in violation of Cal. Penal Code § 422.[3] The information also alleged that Mr. Aslam committed all six counts while released on bail or on his own recognizance, in violation of Cal. Penal Code § 12022.1.[4]

On December 6, 2010, during the jury trial, near the completion of the defense case, Mr. Aslam's counsel, David Cohen, requested an *in camera* hearing.[5] Mr. Aslam was not present at the hearing.[6] Mr. Cohen explained that the victim's mother had "recently left a number of messages with the defense investigator and with [Mr. Cohen's] staff."[7] The mother had not testified during the prosecution's case because the prosecutor could not locate her.[8] Instead, her preliminary hearing testimony was admitted under Cal. Evid. Code section 1241.[9] Her messages contained purportedly new exculpatory information, specifically that the person in the room with Mr. Aslam at the time of the alleged sexual assault was her niece.[10] Mr. Cohen believed that this information resulted in a conflict of interest because: 1) he had never spoken with the mother, and 2) therefore someone else in the courtroom must have.[11] Thus, Mr. Cohen believed the information was fabricated.[12] The court "[found] good cause to discharge the jury and declare a mistrial" and

---

[3] California Court of Appeal Opinion on Direct Appeal – ECF No. 1-1 at 2.
[4] *Id.*
[5] Petition – ECF No. 1 at 5.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.* at 5-6.
[11] *Id.* at 6.
[12] *Id.*

ORDER (No. 3:16-cv-04033-LB)                2

allowed Mr. Cohen to withdraw.[13] Mr. Aslam did not have a chance to object to the mistrial.[14]

On December 16, 2010, Maureen Kildee was appointed to represent Mr. Aslam in the retrial.[15] She "did not enter a plea of once in jeopardy or otherwise object to the retrial on grounds of double jeopardy."[16] On February 10, 2011, Donald Foley was appointed to replace Kildee as defense counsel, and similarly "did not enter a plea of once in jeopardy or otherwise object to the retrial on grounds of double jeopardy."[17] At the end of the retrial, the jury convicted Mr. Aslam of committing a lewd or lascivious act on a child under age 14, engaging in unlawful intercourse, and three counts of dissuading a witness.[18]

Mr. Aslam appealed his conviction directly to the California Court of Appeal.[19] He simultaneously filed a petition for a writ of habeas corpus with the California Court of Appeal.[20] The court consolidated the direct appeal and petition for writ of habeas corpus.[21] In 2013, the California Court of Appeal affirmed Mr. Aslam's conviction.[22] Mr. Aslam appealed to the California Supreme Court, which denied the petition for review on April 16, 2014.[23] On April 3, 2015, Mr. Aslam filed a petition for a writ of habeas corpus, alleging ineffective assistance of counsel, with the California Court of Appeal.[24] The court denied the petition and directed Mr. Aslam to first seek relief in superior court.[25] On April 16, 2015, Mr. Aslam filed a petition for a writ of habeas corpus with the Alameda County Superior Court, which the court denied on

---

[13] *Id.* at 7.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.* at 2.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.* at 3.
[24] *Id.*
[25] *Id.*

February 26, 2016.[26] On April 18, 2016, Mr. Aslam filed a petition for a writ of habeas corpus with the California Court of Appeal; the court denied that petition in May.[27] On May 16, 2016, Mr. Aslam filed a petition for review in the California Supreme Court and the petition was denied on July 13, 2016.[28]

On July 18, 2016, Mr. Aslam filed the instant petition for writ of habeas corpus in this court naming as respondent Josie Gastelo, Warden of California Men's Colony.[29]

## ANALYSIS

This court may entertain a petition for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

In his petition, Mr. Aslam asserts that trial counsel rendered him ineffective assistance in violation of the Sixth Amendment to the United States Constitution by failing to enter a plea of "once in jeopardy" or otherwise object to the retrial.[30] He further alleges that appellate counsel was ineffective in failing to raise the claim that trial counsel was ineffective for not entering a plea of "once in jeopardy" or otherwise objecting to the retrial on double jeopardy grounds.[31] Mr. Aslam asserts that he did not consent to a mistrial, the trial court's declaration of a mistrial was not

---

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *See* Petition – ECF No. 1.

[30] *Id.* at 7, 14.

[31] *Id.* at 15.

ORDER (No. 3:16-cv-04033-LB)   4

based on manifest necessity, and both trial and appellate counsel were ineffective because they did not raise a double-jeopardy argument.[32]

**CONCLUSION**

For the foregoing reasons and for good cause shown:

1. The clerk must serve by certified mail a copy of this order and the petition and all attachments thereto upon the respondents. The clerk must also serve a copy of this order on the petitioner.
2. Respondents must file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondents must file with the answer and serve on the petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.
3. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondents within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: July 26, 2016

LAUREL BEELER
United States Magistrate Judge

---

[32] *Id.* at 9-14.